UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 0 7 2005

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

CAROLINE ANDERSON,                    :

    Plaintiff,                    :           CIVIL ACTION

v.                                    :           1:04-CV-636-MHS

FREDERICK J. HANNA &                  :
ASSOCIATES, et al.,
                                      :
    Defendants.

## ORDER

This action is before the Court on plaintiff's motion to reopen case and request for civil jury trial date and on defendants' motion for enforcement of settlement agreement. For the following reasons, the Court denies plaintiff's motion and grants defendants' motion.

Background

Plaintiff Caroline Anderson sued defendants Frederick J. Hanna & Associates (Hanna), a law firm engaged in a debt collection practice, and Dennis E. Henry, a lawyer employed by Hanna, alleging that they violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., in attempting to collect a credit card debt from her on behalf of Bank of

AO 72A
(Rev.8/82)

America. On March 21, 2005, the Court entered an Order granting plaintiff partial summary judgment as to defendants' liability on her FDCPA claim.

On May 12, 2005, plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On June 6, 2005, the parties attended a court-ordered settlement conference before a magistrate judge and reached a settlement agreement "subject to the approval of the Bankruptcy Trustee." Minute Entry dated June 6, 2005. Under the settlement agreement, which was memorialized in a written release, defendants were to pay plaintiff a total of $10,000, representing $1,000 in damages and $9,000 in attorney's fees.

Plaintiff sought approval of the settlement from the Bankruptcy Court, but on July 18, 2005, the Bankruptcy Court entered an Order denying her request. The following day the Bankruptcy Trustee entered a no distribution report stating that there was no property available for distribution from the estate over and above that exempted by law. On August 24, 2005, the Bankruptcy Court entered an Order discharging plaintiff and the bankruptcy case was closed.

Discussion

Based on the Bankruptcy Court's rejection of the parties' settlement agreement, plaintiff filed a motion asking the Court to reopen this case and set it down for trial. In response, defendants filed a motion to enforce the settlement agreement. Defendants argue that the parties reached a valid and binding settlement agreement, and that the Bankruptcy Trustee's abandonment of plaintiff's claim does not give plaintiff a right to rescind that agreement. Plaintiff argues that the settlement was reached based solely upon the uncertainties involving her then pending bankruptcy action, which is why the settlement was contingent upon the Bankruptcy Trustee's approval.

The Court concludes that the settlement agreement is valid and binding and should be enforced. The settlement was memorialized in a written release that contains all the essential elements of the agreement. There is nothing to suggest that the requirement of approval by the Bankruptcy Trustee was anything other than a formality necessitated by the then pending bankruptcy proceeding. Now that the bankruptcy case is closed, that requirement is a nullity.

3

Summary

For the foregoing reasons, the Court DENIES plaintiff's motion to reopen case and request for civil jury trial date [#79] and GRANTS defendants' motion for enforcement of settlement agreement [#80]. This action is hereby DISMISSED WITH PREJUDICE subject to the right of either party to reopen the case if the settlement is not consummated within thirty (30) days of the date of entry of this order.

IT IS SO ORDERED, this 7 day of October, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)